UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DUANE GRAHAM,

    Petitioner

v.                   Case No. 8:89-CR-309-T-25MAP

UNITED STATES OF AMERICA,

    Respondent

_____

## O R D E R

Before the Court is Petitioner's Motion to Amend Supervised Release (Dkt. 73).

To put this matter in context, on December 12, 1989, Defendant was charged by way of an indictment with bank robbery. He was found guilty after a jury trial. The Court sentenced Defendant on May 16, 1990, to 255 months' imprisonment. Thereafter, in 1991, the Eleventh Circuit affirmed Defendant's conviction and sentence.

On February 20, 1996, Defendant filed a motion to correct illegal sentence. The Court construed the motion as one brought pursuant to 28 U.S.C. § 2255 and denied the motion on February 27, 1997. Defendant did not appeal the order denying his motion. He filed a successive § 2255 motion in May 1997 which the Court denied in September 1998.

Petitioner returns to the Court this time under the guise of the All Writs Act, 28 U.S.C. § 1651(a).[1] Petitioner essentially argues that the Bureau of Prisons has calculated his release date without the benefit of good conduct time. Petitioner continues that, according to his calculations, he should have been released on December 16, 2004. He argues that, therefore, the Court should not only order him released immediately, but also reduce his term of supervised release accordingly. Petitioner further argues that the bank to which he was ordered to pay restitution (Barnett Bank of Manatee County) has since been bought out by another bank (Bank of America) and the chief security officer is now deceased. He argues that, given the circumstances, he should not have to pay any restitution.

First, Petitioner is not entitled to *coram nobis* relief. Petitioner fails to recognize that *coram nobis* relief is unavailable to a person still in custody. United States v. Garcia, 181 F.3d 1274 (11th Cir. 1999); Bullard v. Stiff, NO. 6:05CV415ORL-19DAB, 2005 WL 1200866, at *1 n.5 (M.D. Fla. May

---

[1] The All Writs Act grants federal courts the authority to issue writs as an extraordinary remedy. Moody v. United States, 874 F.2d 1575, 1576 (11th Cir. 1989), cert. denied, 493 U.S. 1081 (1990).

19, 2005); <u>United States v. Ibekwe</u>, 891 F.Supp. 587, 589 (M.D. Fla. 1995).  As Petitioner is still serving his sentence in a federal institution in Estill, South Carolina, his request for *coram nobis* relief must be denied.

Second, "courts may consider *coram nobis* petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier."  <u>United States v. Mills</u>, 221 F.3d 1201, 1204 (11th Cir. 2000) (citation omitted), <u>cert</u>. <u>denied</u>, 531 U.S. 1144 (2001).  In this case, Petitioner has not demonstrated the unavailability of other remedies.  In essence, Petitioner challenges the manner in which his sentence is being executed by the Bureau of Prisons.  Such a challenge is appropriately brought pursuant to 28 U.S.C. § 2241.  <u>Davis v. Fechtel</u>, 150 F.3d 486, 488 (5th Cir. 1998) (challenge to the execution of a sentence is a section 2241 claim); <u>Edwards v. United States</u>, 826 F. Supp. 423, 426 (M.D. Fla. 1993) ("a § 2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's judgment."

Moreover, a § 2241 petition must be filed in the district in which Petitioner is currently incarcerated after Petitioner

3

exhausts his administrative remedies.   Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated"); Keys v. U.S. Dept. of Justice, 136 Fed. Appx. 313 (11th Cir. 2005) ("Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirement."); Gonzalez v. United States, 959 F.2d 211 (1992) (per curiam) (exhaustion of administrative remedies is jurisdictional). Petitioner has not demonstrated that he exhausted his administrative remedies prior to filing the instant motion. Furthermore, Petitioner is incarcerated in Estill, South Carolina. As such, any § 2241 petition seeking relief must be filed in the United States District Court of South Carolina, Beaufort Division. Therefore, to the extent that Petitioner challenges the computation of his sentence by the Bureau of Prisons, his motion must be dismissed without prejudice.

The Court notes that Petitioner also seeks to have his restitution obligation cancelled. At this time, the Court finds that the relief requested is not appropriate.

4

The Court ORDERS as follows:

(1)  To the extent Petitioner's Motion to Amend Supervised Release (Dkt. 73) challenges the manner in which his sentence is being executed his motion is DISMISSED without prejudice to Petitioner filing a § 2241 motion in the district in which he is incarcerated.  To the extent that Petitioner's motion (Dkt. 73) seeks a cancellation of his restitution obligation, the motion is DENIED without prejudice.

DONE AND ORDERED in Tampa, Florida, this  9th  day of December, 2005.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE